UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC S. DRIGGS, | : | **CIVIL NO. 1:06-CV-2180** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MICHAEL J. ASTRUE[1], | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.

On July 20, 2003, the plaintiff, Eric S. Driggs, applied for disability insurance benefits. He claimed that he

---

1. Michael J. Astrue became the Commissioner of Social Security, effective February 12, 2007, to succeed Linda S. McMahon. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

became disabled on August 1, 2002, as the result of a bipolar disorder, fibromyalgia, arthritis and Reynaud's Disease.  The claim was denied initially and on reconsideration.  The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on October 25, 2005.

At this hearing the plaintiff and a vocational witness testified. (Tr. 356-381).  The plaintiff stated that he was born on July 15, 1971 and is married.  He stated that he was fired from his last job in 2003.  His last work was installation of drywall.

He sees four physicians on a regular basis, a general physician, a rheumatologist, a psychiatrist and a therapist. He was last hospitalized, in 2004, for sarcoidosis.  He lives with his mother.  He has no hobbies and performs no chores.

He stated that he does get along alright with his mother, but not with people in general.  He has a lot of trouble lifting, moving or walking.  He describes other significant limitations upon his physical mobility.  His

sleeping is irregular and limited.  His standing is limited (five minutes), as is his sitting (one half hour) and walking (from his front door to the car.)  He named the eleven medications that he takes.  The medications cause side effects.  Lack of sleep and weather can aggravate his symptoms.  He experiences joint pain and numbness.  He has an acute sensitivity to light and has he has headaches.  His mental state teeters on the edge of manic episodes.  He also experiences auditory hallucinations.  He stated that he could not answer phones for a job, because he can not sit for long and can not deal with people.

The vocational witness stated that plaintiff has no transferable skills.  If he were able to perform the full range of medium work, certain specified limitations, simple routine tasks and no interaction with the public, there are jobs he could perform.  If he could perform the full range of light work with the same limitations and conditions there are jobs that he could perform.

On December 1, 2005, the ALJ issued her decision denying the plaintiff benefits. (Tr. 15-22). The Appeals Council denied the plaintiff's request for review (Tr. 4-6), making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed his complaint with this court on November 7, 2006. The defendant filed an answer to the complaint and a copy of the administrative record on January 16, 2007. Pursuant to Local Rules 83.40.4 and 83.40.5 and this court's Order of February 28, 2007, the plaintiff filed his brief on March 27, 2007 and the defendant filed his brief on May 2, 2007. No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of

4

evidence but less than a preponderance.  *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence."  *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the

5

reasons for rejecting certain evidence. *Id*. at 706-707.  In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled.  The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work.  *See* 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy

6

that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that he has several impairments which when considered collectively are severe, that his impairments alone or in combination do not meet or equal the requirements of any listed impairment, and that he is not able to perform his past relevant work.  The ALJ further determined that the plaintiff has the residual functional capacity to perform a wide range of medium work consistent with the hypothetical person who was the subject of the ALJ's first hypothetical question to the vocational witness.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The plaintiff argues that the ALJ failed to follow the requirements of the statute and of applicable precedent

7

because, although his treating physicians do substantiate his condition as he himself subjectively perceives it, the ALJ rejected the treating physicians' reports and held the plaintiff not to be credible.  Specifically, Drs. Zurad and Santioni consider the plaintiff to be totally disabled.

     The defendant considers the opinions stated by Drs. Zurad and Santioni to be inadequately explained and to address the medical vocational issue of disability rather than a medical issue.  Dr. Santioni stated that Eric Driggs is totally disabled and unable to perform any type of substantial gainful activity on a regular basis as the result of his fibromyalgia, psoriatic arthritis, bipolar disorder and peripheral neuropathy. (Tr. 335).  Dr. Zurad stated that based upon plaintiff's medical condition it would be extraordinarily difficult to find a job that would accommodate him and enable him to perform in a reliable manner and be punctual and regular in attendance. (Tr. 338).  There really are no contrary medical opinions, however, and the defendant's brief cites to essentially raw medical data, asking the court to draw medical conclusions from such data.  The defendant cites to Dr. Kon's

8

report (Tr. 167-174) and Dr. Griffith's report (Tr. 175-178). The examination by Dr. Griffith, a psychologist, yielded a Global Assessment of Functioning score of forty-five, which the defendant does not mention and which is not "essentially normal." The findings of Dr. Kon confirm the plaintiff's bipolarism, fibromyalgia, arthritis and Reynaud's Disease. Dr. Kon finds no limitations on any physical activity. (Tr. 171-174).

There is not a significant basis for a determination here that the ALJ failed to afford adequate weight to the reports of treating physicians or that the medical reports do not provide substantial evidence supporting the ALJ's conclusions.

The plaintiff's second argument is that the ALJ failed to properly evaluate the plaintiff's impairments in combination. Dr. Kon, upon whose report the ALJ largely relied, considered all of the plaintiff's mental and physical impairments, and reported no finding or diagnosis not consistent with a capacity to work. The plaintiff's brief

9

assembles and characterizes the medical, physical and mental, examinations and reports in a manner that if accepted by a fact finder would compel a disability finding.

The ALJ's decision characterized the evidence and found the facts differently.

The plaintiff argues that the ALJ erred in not finding the plaintiff to be credible in his descriptions of the way that he feels and of how he perceives his conditions.  The plaintiff asserts that, contrary to the findings stated by the ALJ, the medical records do support his subjective complaints.

The plaintiff does not demonstrate that the medical records support the plaintiff's subjective complaints.  The plaintiff argues that "Not one examining physician ever questioned his credibility or even suggested he was nothing than truthful."  The fact that no physician questioned his credibility does not support the assertion that the medical records support his subjective complaints.  It is recognized that the ALJ provided scant explanation for his adverse

10

credibility findings.  The plaintiff's conditions are ones that generally do not yield objective signs and findings.  There are not a lot of reference points for an analysis and explanation of an adverse credibility finding in a case involving such impairments.  The thought process that went into the ALJ's analysis of the plaintiff's credibility are not evident, but there is not a showing of error on the part of the ALJ as the plaintiff asserts.

     The plaintiff's final argument, that the hypothetical questions to the vocational witness were flawed, is incorrect.  Dr. Kon's residual functional capacities report, Tr. 171-174, did support the residual functional findings made by the ALJ, which provided the assumptions given to the vocational witness.

     It is recommended that the appeal of the plaintiff be denied and that the case be closed.

                                         ***/s/ J. Andrew Smyser***
                                         J. Andrew Smyser
                                         Magistrate Judge

Dated:  May 24, 2007.