IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC S. DRIGGS, | : | |
|     Plaintiff | : | Civil Action No. 1:06-CV-2180 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of | : | |
| Social Security, | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is Plaintiff's appeal of the Social Security Administration's adverse determination with regard to Plaintiff's eligibility for disability insurance and supplemental security income (Doc. No. 1), Magistrate Judge Smyser's report and recommendation (Doc. No. 12), Plaintiff's objections thereto (Doc. No. 14), and Defendant's response to the objections (Doc. No. 16). For the reasons that follow, the Court will sustain Plaintiff's objections and remand the case for further findings.

**I.    BACKGROUND**

On July 20, 2003, Plaintiff Eric Driggs applied for disability insurance benefits, claiming a disability as a result of bipolar disorder, fibromyalgia, arthritis, a history of polysubstance abuse, Reynaud's Disease, and other impairments. After a hearing before an Administrative Law Judge ("ALJ"), Driggs's application for benefits was denied.

In rendering her decision, the ALJ made several factual findings relevant in this action. First, she concluded that Driggs had not engaged in substantial gainful work activity at any time since the alleged onset date of disability. Second, the ALJ found that medical evidence of record established that Driggs had several impairments—specifically arthritis, fibromyalgia, and bipolar disorder—that collectively could be considered severe, and that restricted his ability to perform

basic work functions. Third, the ALJ found that these impairments were not sufficiently severe as to render Driggs presumptively disabled pursuant to 20 C.F.R. §§ 404.1520(d) and 416.920(d). Fourth, the ALJ found that, despite his severe impairments, Driggs retained the residual functional capacity to perform a wide range of medium work. Fifth, the ALJ found that, while Driggs did not retain the functional capacity to perform any past relevant work, a significant number of jobs exist in the national economy that someone with Driggs's impairments, age, education, and work history could perform.

Of special importance to this Court's decision is the fourth finding—that Driggs retained the functional capacity to perform a wide range of medium work. The ALJ reached this finding after considering the medical evidence of record and Driggs's subjective complaints. In particular, the ALJ described Driggs's treatment for reflux esophagitis, psychological counseling and evaluation, and various treatments for psoriatic arthritis and fibromyalgia. The ALJ also described the results of a comprehensive consultative examination conducted by Dr. Raphael Kon, who determined that Driggs's "fibromyalgia was controlled appropriately through the use of medication[,] that [his] arthritis showed no evidence of any neurological severities[, and that his] Raynaud's Disease appear[ed] to be mild in nature." Based on such findings, Dr. Kon concluded that Driggs could perform work at any exertional level. The ALJ also discussed the opinion of Driggs's treating physician, Dr. Edward Zurad, as follows:

> Dr. Edward Zurad responded to an interrogatory propounded by [Driggs's] representative wherein he indicated that based on [Driggs's] medical condition it would be extraordinarily difficult to find a job which would accommodate [Driggs] and enable [him] to perform in a reasonable manner. This conclusory statement is unsupported by the great weight of the medical evidence and is, therefore, afforded little probative value. It is important to note that the issue of disability is, by law, reserved exclusively to the

Commissioner.

(R. 19.)  Finally, after the ALJ considered Driggs's subjective complaints related to pain and discomfort, the ALJ concluded that such complaints were "overstated" and that such severity of Driggs's complaints were "inconsistent with the clinical and diagnostic findings found of record particularly as they relate to the claimant's exertional and nonexertional abilites."  (R. 19.)

After the ALJ denied benefits, Driggs appealed her decision to the Appeals Council. After the Appeals Council denied his request for review, Driggs filed the instant action in this Court on November 7, 2006, seeking review of the ALJ's decision under 42 U.S.C. § 405(g).  In May 2007, Magistrate Judge Smyser issued a report and recommendation (Doc. No. 12), in which he recommended that the Court affirm the ALJ's decision.  Driggs filed objections (Doc. No. 14) to the report and recommendation, and a brief in support of those objections (Doc. No. 15).  On June 18, 2007, the Commissioner of Social Security filed a response to Driggs's objections.  (Doc. No. 16.)

**II.   STANDARD OF REVIEW**

When a party objects to a report and recommendation of a magistrate judge, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3.  The Court may also "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  Judicial review of the factual basis underlying a final decision denying SSI is limited to whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate." Pierce v. Underwood, 487

U.S. 552 (1988); <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999).

**III.   DISCUSSION**

Driggs's primary objection to Magistrate Judge Smyser's report and recommendation pertains to his conclusion that the ALJ gave sufficient weight to the opinions of Driggs's treating physicians, Drs. Zurad and Marianne Santioni, who both stated that Driggs's medical conditions rendered him disabled. Although Magistrate Judge Smyser found that "there really are no contrary medical opinions" to those of Drs. Zurad and Santioni, he also concluded that "[t]here is not a significant basis for a determination here that the ALJ failed to afford adequate weight to the reports of treating physicians." (Doc. No. 12, at 8-9.) Driggs argues that Magistrate Judge Smyser's conclusion that no medical evidence of record contradicted Drs. Zurad and Santioni's opinions should be decisive because treating physicians' reports are afforded "great weight," <u>Plummer</u>, 186 F.3d at 429. The Commissioner responds that Magistrate Judge Smyser's report and recommendation "understates the evidence" (Doc. No. 16, at 1) because Driggs's treating physicians' opinions were directly refuted by Dr. Kon.

Under the applicable regulations, the Commissioner must give controlling weight to a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [that] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). If there is contradictory evidence, the Commissioner must consider a number of factors, including the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship when "determining the weight to give the opinion." <u>Id.</u> Moreover, the regulations make clear that a treating physician's

statement that a claimant is "disabled" or "unable to work" is not necessarily afforded substantial deference, as such opinions are "reserved to the Commissioner because they are administrative findings that are dispositive of a case." 20 C.F.R. § 404.1527(e).  However, the regulations provide—and courts require—that the ALJ "give good reasons" for the amount of weight given to a treating physician's opinion.  20 C.F.R. § 404.1527(d)(2); Fargnoli v. Massanari, 247 F.3d 34, 42-44 (3d Cir. 2001).

      Here, the ALJ's decision falls short of providing a sufficient explanation for rejecting Dr. Zurad's opinion.  Though the Commissioner is correct that "form reports" are viewed with skepticism, Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993), Dr. Zurad's response went beyond a simple affirmation that Driggs is disabled.  His response was that "[b]ased on [Driggs's] medical conditions, it would be extraordinarily difficult to find a job which could accommodate Eric Driggs and enable him to perform in a reliable manner (i.e. punctuality and attendance)." (R. 338.)  Based on this, Dr. Zurad's concern appears to be related not to Driggs's ability to work, but to his ability to "perform in a reliable manner" in a work setting based upon his medical conditions.  And whether Driggs is able to perform reliably is relevant to whether he has the residual functional capacity for "work activity on a regular and continuing basis."  20 C.F.R. § 404.1545(b), (c).  Despite this opinion, the ALJ simply dismisses Dr. Zurad's opinion as "unsupported by the great weight of the medical evidence."  However, like Magistrate Judge Smyser, the Court finds that the medical record does *not* contain any medical opinions contrary to that of Dr. Zurad with regard to Driggs's reliability.  As such, the ALJ's rationale for disregarding Driggs's treating physician's opinion is not clear, and her conclusion is not supported by substantial evidence.

In addition, the Court finds that the ALJ's decision inadequately addresses Driggs's subjective complaints of pain.  In the report and recommendation, Magistrate Judge Smyser stated that "[t]he thought process that went into the ALJ's analysis of the plaintiff's credibility [with regard to subjective complaints of pain] are not evident."  (Doc. No. 12, at 11.)  The Court agrees.  There may be evidence in the record that could support a finding that Driggs's subjective complaints of pain are overstated, but the obligation to identify such evidence that supports or does not support a conclusion is an obligation belonging to the ALJ.  Cotter v. Harris, 642 F.2d 700, 705-07 (3d Cir. 1981).  Accordingly, on remand, the ALJ will have an opportunity to explain with specificity the basis for her findings with regard to Driggs's subjective complaints of pain.

## IV.   CONCLUSION

Consistent with the reasons set forth above, Plaintiff's objections to Magistrate Judge Smyser's report and recommendation will be sustained, and the Court will remand this case to the ALJ for further proceedings consistent with this opinion.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC S. DRIGGS,** | : | |
|     **Plaintiff** | : | Civil Action No. 1:06-CV-2180 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **MICHAEL J. ASTRUE, Commissioner of** | : | |
| **Social Security,** | : | |
|     **Defendant** | : | |

## ORDER

**AND NOW**, on this 25th day of March, 2008, for the reasons set forth in the memorandum accompanying this order, **IT IS HEREBY ORDERED THAT** Plaintiff's objections (Doc. No. 14) to Magistrate Judge Smyser's report and recommendations (Doc. No. 12) are **SUSTAINED**. **IT IS FURTHER ORDERED THAT** this case is **REMANDED** to the ALJ for further proceedings consistent with the Court's opinion.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania